The State, for the use of Republican Township, Jefferson Co., *v.* Earhart et al.

THE STATE, for the use of REPUBLICAN Township of JEFFERSON County *v.* EARHART and Another.

PARTIES.—A suit to set aside a contract for the building of a school house, and to enjoin the doing of the work, on the ground of fraud, on the part of the township trustee, in the making of the contract, is properly brought in the name of the State, for the use of the civil township.

APPEAL TO SCHOOL EXAMINER.—The remedy provided by section 39 of the act to provide for a general system of common schools, (Acts 1861, p. 78), by an appeal to the school examiner, is not in such case exclusive. The matter involved is not "a local question relating to the building of school houses."

APPEAL from the *Jefferson* Circuit Court.

GREGORY, J.—Suit by the appellant against *Earhart* and *Davidson* to set aside a contract made by *Earhart*, while trustee of said township, with himself and *Davidson*, for building a school house in district No. 3, of said township, and to enjoin the appellees from proceeding with the work. There is an allegation of actual fraud in making the contract. A demurrer was sustained to the complaint by the court below, and this presents the only question in the case. We have not been furnished with a brief by the appellees, and do not know on what ground the demurrer was sustained, except as we learn it from the appellant's brief. The demurrer is, first, for want of jurisdiction in the court; second, for defect of parties; and third, that the complaint does not state facts sufficient to constitute a cause of action. The parties were proper. Acts 1865, § 145, p. 32. The facts alleged are sufficient. We are informed by the appellant's brief that the demurrer was sustained on the ground that the court had no jurisdiction; that it was assumed that the only remedy was by an appeal to the school examiner, under section 39 of the act to provide for a general system of common schools. Acts 1861, p. 78. That section provides that "appeals shall be allowed from the decisions of the trustees, relative to school matters, to the school

examiners, who shall receive and promptly determine the same, according to the rules which govern appeals from justices of the peace to the Common Pleas or Circuit Court, so far as such rules are applicable, and their decision of all local questions relating to the establishment of schools, and the location, building, repair, or removal of school houses, or the transfer of persons for school purposes, shall be final." We do not think that this section embraces the case in judgment. Here the object of the complaint is to set aside a contract fraudulently entered into by the township trustee with himself and another, for the building of a school house. It is not, in our opinion, a "local question relating to the building of school houses," but is a question of fraud, of which the court below had jurisdiction.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer to the complaint, and for further proceedings.

*C. E. Walker* and *A. D. Matthews*, for appellant.
*H. W. Harrington* and *J. A. Korbly*, for appellees.

